IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-01-00343-CR

 

Rick Drilling,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 155th District Court

Austin County, Texas

Trial Court # 2001R-0046

 



Opinion CONCURRING IN PART 

AND DISSENTING IN PART



 








      This
appeal concerns a conviction for arson.  See Tex.
Penal Code Ann. § 28.02(a) (Vernon 2003).  The trial court put Appellant on community
supervision and ordered him to pay restitution as a condition of his community
supervision.  See Tex. Code Crim. Proc. Ann.
art. 42.037 (Vernon Supp. 2004-2005).  Appellant challenges his conviction and the
restitution order.  In an earlier order,
we held that the trial court abused its discretion in determining the amount of
restitution, set aside the restitution amount, and remanded the cause for a new
restitution hearing.  Drilling v. State, 134 S.W.3d 468,
470-71 (Tex. App.—Waco 2004, abatement order), disp. on merits, No. 10-01-00343-CR (Tex. App.—Waco Feb. 23, 2005, no pet. h.) (not designated for publication); see Barton v. State, 21 S.W.3d 287, 290
(Tex. Crim. App. 2000).  The trial court
held a new hearing, and made findings of fact and conclusions of law reflecting
a new restitution amount.  We offered Appellant
an opportunity to file a supplemental brief; he did not do so.  The majority now affirms.  

      In
Appellant’s first issue, he contends that the evidence that he started a fire
with the intent to destroy or damage his former wife’s house was legally
insufficient.  Appellant points to
evidence that, he contends, is contrary to the verdict, including evidence that
bears on the credibility of the witnesses. 
However, “[a] ‘legal sufficiency of the evidence review does not involve
any weighing of favorable and non-favorable evidence.’”  Margraves
v. State, 34 S.W.3d 912, 917 (Tex. Crim. App. 2000) (quoting Cardenas v. State, 30 S.W.3d 384 (Tex. Crim.
App. 2000)).  Nor does the reviewing
court “assess the credibility of witnesses on each side.”  Ex
parte Elizondo, 947 S.W.2d  202, 205
(Tex. Crim. App. 1996).  The State points
to Appellant’s confession, which was admitted into evidence, and to Appellant’s
testimony, to the effect that he poured gasoline throughout the house, set the
gasoline on fire with a lighter, and left. 
Viewing the evidence in the light most favorable to the verdict of
guilt, we hold that a rational jury could have found beyond a reasonable doubt
that Appellant started the fire with the intent to destroy or damage the
house.  See Tex. Penal Code Ann.
§ 28.02(a)(2); Jackson v. Virginia, 443 U.S. 307, 319 (1979); Coleman v. State, 145 S.W.3d 649, 652 (Tex. Crim. App. 2004); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).  The evidence that he did so was legally
sufficient.  We should overrule
Appellant’s first issue on that basis.

      In
Appellant’s second issue, he contends that the trial court abused its
discretion in determining the amount of restitution.  “[B]y failing to object to the terms and
conditions of probation at trial, a defendant affirmatively waives any
complaints he may have had.”  Rickels v. State, 108 S.W.3d 900, 901
(Tex. Crim. App. 2003); see Tex. R. App. P. 33.1(a); cf. Idowu v. State, 73 S.W.3d 918, 922
(Tex. Crim. App. 2002) (declining to decide whether amount of restitution is a
factual sufficiency issue that need not be preserved).[1]  Though
Appellant objected generally to the form of the trial court’s findings and
conclusions prior to the signing by the trial court, Appellant made no
objection to the new restitution amount, and thus waived his complaint.  We should overrule Appellant’s second issue
on that basis.

      The
judgment should be reformed to reflect the following “findings” of the trial
court:

       “The Court finds that Defendant, Rick Drilling, shall pay
restitution to the victim, Lori Drilling Pfeffer, in the amount of $35,000.00.

       “The Court finds that Defendant, Rick Drilling, shall pay
restitution to the insurance company, Austin County Farmers Mutual Fire
Insurance Company, in the amount of $70,000.00.”

      Having
overruled Appellant’s issues, I would then affirm the judgment as reformed.

TOM
GRAY

Chief Justice

Opinion
concurring in part and dissenting in part delivered and filed February
 23, 2005

Publish











[1]       The majority cites Moff v. Texas as dispositive on this issue.  See
Drilling, slip op. (Feb. 23, 2005)
(citing Moff v. State, 131 S.W.3d
485, 489-90 (Tex. Crim. App. 2004)).  It
is not.  Moff involves a question of valuation as an element of theft of
property.  Procedural default
considerations relevant to the elements of an offense with a burden of proof
beyond a reasonable doubt are entirely different from valuation as applied to
restitution.