**Rick DRILLING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10-01-00343-CR.**

Court of Appeals of Texas,
Waco.

March 10, 2004.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.[1]

## ABATEMENT ORDER

PER CURIAM.

A jury convicted Rick Drilling of arson and granted his request for community supervision. As a condition of his community supervision, the judge ordered Drilling to pay restitution. Drilling complains that the restitution amount does not have an adequate factual basis. We abate.

## RESTITUTION

■ Drilling's second issue requires us to abate this appeal, therefore, we will not address his first issue. Drilling complains in his second issue that there is insufficient evidence to support the amount of restitution the court ordered.

■ Drilling first contends that the evidence introduced in the restitution hearing should not be considered as it was obtained by unsworn testimony. While it is clear that the witnesses at the hearing were not sworn, Drilling did not object at trial and cannot now raise this issue on appeal. TEX.R.APP. P. 33.1(a)(1); *Saunders v. State*, 49 S.W.3d 536, 540–41 (Tex.App.-Eastland 2001, pet. ref'd) (citing *Beck v. State*, 719 S.W.2d 205, 212 (Tex.Crim.App. 1986)).

■ Challenges to restitution orders are reviewed under an abuse-of-discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 288–89 (Tex.Crim.App.1980). An abuse of discretion occurs when a trial court's decision is so clearly wrong that it lies outside the "zone of reasonable disagreement." *Gonzalez v. State*, 117

R. Jeanette Parham, Hempstead, for Appellant.

Travis Jack Koehn, Austin County District Attorney, Daniel W. Leedy, Bellville, for Appellee.

1. This case was submitted with former Chief Justice Davis on the panel, but he resigned effective August 4, 2003. Justice Reyna, who took the oath of office on January 5, 2004, participated in the decision of the Court.

S.W.3d 831, 839 (Tex.Crim.App.2003). A trial court is given broad discretion when granting restitution. However, due process requires three restrictions on the restitution a trial court may order: (1) the amount must be just and supported by a factual basis within the record, (2) the restitution ordered must be only for the offense for which the defendant is criminally responsible, and (3) the restitution ordered must be proper only for the victim or victims of the offense with which the offender is charged. *Cantrell v. State*, 75 S.W.3d 503, 512 (Tex.App.-Texarkana 2002, pet. ref'd); *see Cabla v. State*, 6 S.W.3d 543, 546 (Tex.Crim.App.1999).

Drilling argues that the amount of restitution was not supported by a factual basis in the record. When calculating restitution in an offense that results in the damage or destruction of property, the court may order the defendant:

(A) to return the property to the owner of the property or someone designated by the owner; or

(B) if return of the property is impossible or impractical or is an inadequate remedy, to pay an amount equal to the greater of:

(I) the value of the property on the date of the damage, loss, or destruction; or

(ii) the value of the property on the date of sentencing, less the value of any part of the property that is returned on the date the property is returned.

TEX.CODE CRIM. PROC. ANN. art. 42.037(b)(1) (Vernon 2003).

The trial court relied upon two pieces of evidence to determine the amount of restitution ordered: (1) a statement from Ms. Drilling's insurance company that it paid her $70,000 for the house, $41,900 for the personal belongings destroyed by the fire, and $2,488.12 in claim expenses for a total of $114,388.12; and (2) Ms. Drilling's inventory that she had previously given to the insurance company that listed the personal belongings of the house which totaled $111,477.28. Based on this evidence, the court ordered Drilling to pay $114,388.12 to the insurance company and $69,577.28 to Ms. Drilling. In calculating Ms. Drilling's figure, the court took what the insurance company paid her for her personal belongings that were destroyed ($41,900) and subtracted it from the inventory of items she submitted ($111,477.28).

However, the inventory that the court used to base this calculation upon was defective. Ms. Drilling testified that many of the items listed on the inventory she currently owned and were not destroyed. She testified that the insurance company told her to inventory everything she owned, not just those things affected by the fire, therefore, she went through the entire house listing everything, damaged or not. For example, it was established that the kitchen was not damaged by the fire, yet the inventory lists several pages of kitchen items. There was also evidence that several of the items listed on the inventory were Drilling's personal property. Additionally, no evidence was introduced at trial as to the fair market value of the house, its contents, or the cost of repairs. *See* TEX.CODE CRIM. PROC. ANN. art. 42.037(b)(1).

In considering this case, we look to *Garza v. State* for guidance. In *Garza*, the defendant was convicted of burglary and required to pay restitution. *Garza v. State*, 841 S.W.2d 19, 20 (Tex.App.-Dallas 1992, no writ). The court found the restitution order improper because the amount of restitution was based on a stolen piece of property that had been returned undamaged to the victim. *Id.* at 23. Similarly in this case, some of the property that Drilling is being asked to pay restitu-

tion for is his own personal property or is property that his criminal act did not damage or destroy. Thus, the trial court abused its discretion in ordering Drilling to pay nearly $180,000 in restitution. *Cabla,* 6 S.W.3d at 549.

## CONCLUSION

Consistent with the Texas Court of Criminal Appeals' decision in *Barton,* we abate this appeal, set aside the amount of restitution, and remand this cause to the trial court for a new restitution hearing. *Barton v. State,* 21 S.W.3d 287, 290 (Tex. Crim.App.2000).

The trial court shall, within thirty days after the date of this Order: (1) conduct the hearing; (2) cause a court reporter to make a record of the hearing; (3) make appropriate orders and findings of fact and conclusions of law; and (4) deliver any orders and findings of fact and conclusions of law to the trial court clerk. The trial court shall inform Drilling's counsel, or Drilling himself if *pro se,* that his brief is due within thirty days after the date of the hearing.

The trial court clerk shall: (1) prepare a supplemental clerk's record containing all orders and findings of fact and conclusions of law which the trial court renders or makes; and (2) file the supplemental clerk's record with the Clerk of this Court within forty-five days after the date of this Order.

The court reporter shall prepare and file a supplemental reporter's record containing a transcription of the hearing within forty-five days after the date of this Order.

If Drilling, after reviewing the revised restitution order, determines that he should amend or supplement his brief, his amended or supplemental brief will be due thirty days after the supplemental record is filed. If Drilling files an amended or

supplemental brief, the State will have thirty days thereafter to file a responsive brief.