# NO. 12-09-00105-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GLEN R. CARTER,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Glen R. Carter appeals his conviction for possession of less than one gram of cocaine, for which he was sentenced to imprisonment for thirteen years. In two issues, Appellant contends that the trial court erroneously ordered that he pay $140 in restitution for a "drug lab fee." We modify and, as modified, affirm.

### BACKGROUND

Appellant was charged by indictment with possession of less than one gram of cocaine. Appellant pleaded "guilty." Appellant further pleaded "true" to two enhancement allegations in the indictment. Thereafter, the trial court sentenced Appellant to imprisonment for thirteen years. The trial court further ordered Appellant to pay restitution of $140 to the Smith County Collections Department as a "drug lab fee." This appeal followed.

On December 27, 2010, this court entered a per curiam order, in which it held that the trial court abused its discretion in ordering that Appellant pay $140 dollars in restitution because the amount ordered does not have a factual basis in the record. Accordingly, we abated the appeal, set aside the amount of restitution, and remanded the cause to the trial court for a new restitution hearing.

On January 11, 2011, the trial court conducted a hearing as ordered. At the hearing, the State announced that it was abandoning its claim for the $140 "drug lab fee restitution." Appellant responded that he did not oppose the State's abandonment of its claim for restitution. In further compliance with this court's per curiam order, the trial court provided this court with findings of fact and conclusions of law regarding the restitution hearing as well as a transcript of the hearing.


## RESTITUTION

In his first issue, Appellant challenges the trial court's order that he pay restitution as a "drug lab fee." In his second issue, Appellant contends that the trial court erred in ordering restitution because there was no evidence before the court in support of the amount of restitution ordered.

An appellate court reviews challenges to restitution orders under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980); *see Drilling v. State*, 134 S.W.3d 468, 469 (Tex. Crim. App. 2004); *Riggs v. State*, No. 05-05-01689-CR, 2007 WL 969586, at *3 (Tex. App.–Dallas Apr. 3, 2007, no pet.). An abuse of discretion by the trial court in setting the amount of restitution will implicate due process considerations. *Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999). When there is insufficient evidence to support the amount of restitution ordered by the trial court, the proper procedure is to abate the appeal, set aside the amount of restitution, and remand the case for a hearing to determine a just amount of restitution. *See Barton v. State*, 21 S.W.3d 287, 290 (Tex. Crim. App. 2000); *see also Drilling*, 134 S.W.3d at 471.

In addition to any fine authorized by law, a sentencing court may order the defendant to make restitution to any victim of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (Vernon Supp. 2010). If the offense results in personal injury to the victim, the court may order the defendant to make restitution to the victim for any expenses incurred by the victim as a result of the offense or to the compensation fund for payments made to or on behalf of the victim. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(b)(2) (Vernon Supp. 2010). The standard of proof for determining restitution is a preponderance of the evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(k) (Vernon Supp. 2010). The burden of proving the amount of loss sustained by the

2

victim is on the prosecuting attorney. *Id.* The trial court may not order restitution for a loss if the victim has or will receive compensation from another source. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(f)(1) (Vernon Supp. 2010). Due process places three limitations on the restitution a trial court can order: (1) the amount must be just and supported by a factual basis within the record; (2) the restitution ordered must be for the offense for which the defendant is criminally responsible; and (3) the restitution must be for the victim or victims of the offense for which the defendant is charged. *See Drilling*, 134 S.W.3d at 470; *Campbell*, 5 S.W.3d at 696–97; *Martin v. State*, 874 S.W.2d 674, 677–78 (Tex. Crim. App. 1994). Further, there must be sufficient evidence in the record to support the trial court's order. *See Cartwright*, 605 S.W.2d at 289.

At the January 11, 2011 restitution hearing, the State abandoned its claim for the $140 "drug lab fee restitution." Accordingly, because there is no evidence in the record to support the amount of restitution and the State has abandoned its claim for restitution, we hold that the trial court's order that Appellant pay restitution of one hundred forty dollars to the Smith County Collections Department was erroneous and should be modified. Appellant's second issue is sustained.[1]

## CONCLUSION

We have sustained Appellant's second issue. We therefore modify the trial court's judgment to delete the order that Appellant pay restitution in the amount of $140. We *affirm* the trial court's judgment *as modified*.

**BRIAN HOYLE**
Justice

Opinion delivered January 31, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

_____

[1] Having sustained Appellant's second issue, we do not reach Appellant's first issue.