NO.
12-09-00105-CR

      

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

GLEN
R. CARTER,                                           '                 APPEAL FROM THE 7TH

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 SMITH COUNTY,
TEXAS

                                                        
                                         

MEMORANDUM OPINION

Glen
R. Carter appeals his conviction for possession of less than one gram of
cocaine, for which he was sentenced to imprisonment for thirteen years.  In two
issues, Appellant contends that the trial court erroneously ordered that he pay
$140 in restitution for a “drug lab fee.”  We modify and, as modified, affirm.

 

Background

            Appellant
was charged by indictment with possession of less than one gram of cocaine. 
Appellant pleaded “guilty.” Appellant further pleaded “true” to two enhancement
allegations in the indictment.  Thereafter, the trial court sentenced Appellant
to imprisonment for thirteen years.  The trial court further ordered Appellant
to pay restitution of $140 to the Smith County Collections Department as a
“drug lab fee.”  This appeal followed.

            On
December 27, 2010, this court entered a per curiam order, in which it held that
the trial court abused its discretion in ordering that Appellant pay $140 dollars
in restitution because the amount ordered does not have a factual basis in the
record.  Accordingly, we abated the appeal, set aside the amount of
restitution, and remanded the cause to the trial court for a new restitution
hearing.  

On
January 11, 2011, the trial court conducted a hearing as ordered.  At the
hearing, the State announced that it was abandoning its claim for the $140
“drug lab fee restitution.”  Appellant responded that he did not oppose the
State’s abandonment of its claim for restitution.  In further compliance with
this court’s per curiam order, the trial court provided this court with
findings of fact and conclusions of law regarding the restitution hearing as
well as a transcript of the hearing.  

 

Restitution

            In his first issue, Appellant
challenges the trial court’s order that he pay restitution as a “drug lab fee.”
In his second issue, Appellant contends that the trial court erred in ordering
restitution because there was no evidence before the court in support of the
amount of restitution ordered.  

An
appellate court reviews challenges to restitution orders under an abuse of
discretion standard.  Cartwright v. State, 605 S.W.2d 287, 289
(Tex. Crim. App. [Panel Op.] 1980); see Drilling v. State,
134 S.W.3d 468, 469 (Tex. Crim. App. 2004); Riggs v. State, No.
05‑05‑01689‑CR, 2007 WL 969586, at *3 (Tex. App.–Dallas Apr.
3, 2007, no pet.).  An abuse of discretion by the trial court in setting the
amount of restitution will implicate due process considerations. Campbell
v. State, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999).  When there is
insufficient evidence to support the amount of restitution ordered by the trial
court, the proper procedure is to abate the appeal, set aside the amount of
restitution, and remand the case for a hearing to determine a just amount of
restitution.  See Barton v. State, 21 S.W.3d 287, 290 (Tex. Crim.
App. 2000); see also Drilling, 134 S.W.3d at 471.

In
addition to any fine authorized by law, a sentencing court may order the
defendant to make restitution to any victim of the offense. See Tex. Code Crim. Proc. Ann. art.
42.037(a) (Vernon Supp. 2010).  If the offense results in personal injury to
the victim, the court may order the defendant to make restitution to the victim
for any expenses incurred by the victim as a result of the offense or to the
compensation fund for payments made to or on behalf of the victim.  See Tex. Code Crim. Proc. Ann. art.
42.037(b)(2) (Vernon Supp. 2010).  The standard of proof for determining
restitution is a preponderance of the evidence.  See Tex. Code Crim. Proc. Ann. art.
42.037(k) (Vernon Supp. 2010).  The burden of proving the amount of loss
sustained by the victim is on the prosecuting attorney.  Id.  The
trial court may not order restitution for a loss if the victim has or will
receive compensation from another source.  See Tex. Code Crim. Proc. Ann. art. 42.037(f)(1) (Vernon Supp.
2010).  Due process places three limitations on the restitution a trial court
can order:  (1) the amount must be just and supported by a factual basis within
the record; (2) the restitution ordered must be for the offense for which the defendant
is criminally responsible; and (3) the restitution must be for the victim or
victims of the offense for which the defendant is charged.  See Drilling,
134 S.W.3d at 470; Campbell, 5 S.W.3d at 696–97; Martin v.
State, 874 S.W.2d 674, 677–78 (Tex. Crim. App. 1994).  Further, there
must be sufficient evidence in the record to support the trial court's order. See
Cartwright, 605 S.W.2d at 289.

At
the January 11, 2011 restitution hearing, the State abandoned its claim for the
$140 “drug lab fee restitution.”  Accordingly, because there is no evidence in
the record to support the amount of restitution and the State has abandoned its
claim for restitution, we hold that the trial court’s order that Appellant pay
restitution of one hundred forty dollars to the Smith County Collections
Department was erroneous and should be modified.  Appellant’s second issue is
sustained.[1] 

 

Conclusion

We
have sustained Appellant’s second issue.  We therefore modify the trial court’s
judgment to delete the order that Appellant pay restitution in the amount of
$140.  We affirm the trial court’s judgment as modified.

 

                                     Brian Hoyle

                                                                      
Justice

 

 

 

Opinion delivered January 31,
2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

(DO NOT PUBLISH)









[1] Having
sustained Appellant’s second issue, we do not reach Appellant’s first issue.