# NO. 12-10-00139-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHNNY EVANS,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Johnny Evans appeals his conviction for possession of a controlled substance. In four issues, Appellant contends that the trial court failed to consider the full range of punishment and erroneously ordered that he pay restitution to the Smith County Collections Department. We modify and, as modified, affirm.

## BACKGROUND

Appellant was charged by indictment with possession of a controlled substance. The indictment alleged that Appellant had a prior felony conviction, which elevated the charge to a second degree felony. Appellant entered an open plea of guilty to the offense and a plea of true to the enhancement paragraph. After finding Appellant guilty, the trial court sentenced him to imprisonment for fifteen years. The court also ordered $140 in restitution to the Smith County Collections Department for a lab fee. This appeal followed.

On February 28, 2011, this court entered a per curiam order, in which we held that there was no evidence to support the trial court's order of $140 in restitution. Accordingly, we abated the appeal, set aside the amount of restitution, and remanded the case to the trial court for a new restitution hearing.

On March 24, 2011, the trial court held the restitution hearing as ordered. At this hearing, the State abandoned any request for restitution for the lab fee. Appellant had no objection to the State's abandonment of the restitution claim. The trial court issued an order that contained

1

findings of fact and conclusions of law relating to the restitution hearing and provided a reporter's record of the hearing.

## PUNISHMENT

In his first issue, Appellant argues that the trial court did not consider the full range of punishment denying Appellant due process and due course of law. In his second issue, Appellant argues that the trial court improperly assessed what the court believed a jury would assess as punishment denying Appellant due process and due course of law. Because these two issues are interrelated, we address them together.

### Applicable Law

The Fourteenth Amendment provides that the state may not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV; *see also* TEX. CONST. art. I, § 19 ("No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."). Due process requires the trial court conduct itself in a neutral and detached manner. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 1762, 36 L. Ed. 2d 656 (1973); *Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). "[A] trial court's arbitrary refusal to consider the entire range of punishment in a particular case violates due process." *Ex parte Brown*, 158 S.W.3d 449, 456 (Tex. Crim. App. 2005) (per curiam); *see also Brumit*, 206 S.W.3d at 645. However, absent a clear showing of bias, we presume the trial court's actions were correct. *Brumit*, 206 S.W.3d at 645. Bias is not shown when the trial court hears extensive evidence before assessing punishment, the record contains explicit evidence that the trial court considered the full range of punishment, and the trial court made no comments indicating consideration of less than the full range of punishment. *See id*.

### Analysis

Appellant calls our attention to the following statements made by the trial court during the punishment hearing:

> . . . I always tell defendants that I try to do what I think a Smith County jury would do in their case because I don't think a defendant should be punished more harshly than what a jury would do. I also don't think they ought to get any breaks by going to the Court on punishment. I think a jury would be fairly shocked at someone showing up with three pages of criminal history having been to the penitentiary and to the state jail and numerous local jailings on - - well, you name it: Theft, drugs, evading, burglary, unauthorized use of vehicles, criminal non-support. Particularly, to me is within less than 2 months of when you asked me to put you on probation for criminal non-support, when you should be out there providing for your kids - - I agree with the State's argument in that regard - - you're out, presumably buying drugs, using drugs, not doing much of anything, really to provide for your kiddos that you've elected to have.

2

Based on these statements, Appellant argues that the trial court did not consider the full range of punishment in assessing Appellant's sentence. Specifically, Appellant contends that he could not have received deferred adjudication or regular community supervision from a jury. Therefore, he contends the trial court's reference to what a "Smith County jury would do" indicates the court did not consider those options in sentencing Appellant. We disagree.

At the punishment hearing, the trial court asked Appellant if he recalled being told that (1) "the range of punishment was between 2 and 20 years and up to a $10,000 fine on your case[,]" and that (2) the court would "hear any additional evidence . . . and then make a determination of where in that range of punishment the appropriate punishment would be." Appellant confirmed that he remembered each statement. The court also informed Appellant that it "had a chance to review the [presentence investigation report] a couple of different times." Appellant then called two witnesses to testify about Appellant's family, medical, social, and criminal history. Also, his attorney argued that some of Appellant's prior offenses were the result of mental health issues.

The trial court made the complained of statements after hearing the evidence and arguments of counsel. At that point, the court had informed Appellant that his sentence would be within the range of punishment for his offense. Moreover, the court was aware that Appellant had a number of mental health issues, a criminal history that spanned twenty years, a history of drug use, and several failed probations. Most recently, he had received community supervision from the same trial court after he pleaded guilty to criminal nonsupport. His community supervision for that offense was revoked in January 2010, and the sentencing hearing in the instant case was held on April 27, 2010. The trial court specifically noted in its comments that "within less than 2 months of when you asked me to put you on probation for criminal non-support . . . , you're out, presumably buying drugs, using drugs, not doing much of anything, really to provide for your kiddos. . . ." The trial court made no statements that indicated bias or a refusal to consider the full range of punishment. In referring to what a "Smith County jury would do," the court did not address whether a jury could assess deferred adjudication or regular community supervision.

To prevail on his first and second issues, Appellant must show clear bias to rebut the presumption that the trial court's actions were correct. *See Brumit*, 206 S.W.3d at 645 (holding judge's comments that earlier case made him think anybody who ever harmed a child should be put to death did not reflect bias, partiality, or failure to consider full range of punishment). In the instant case, the trial court heard extensive evidence before assessing punishment, and explicitly informed Appellant that his sentence would be within the range of punishment for his offense. Appellant points to no statement, other than the court's reference to "what a Smith County jury would do," that, in Appellant's view, indicates bias or failure to consider the full range of punishment. After considering the entire record, we decline to hold that this reference supports

3

an inference that the trial court considered only confinement as punishment for Appellant. Therefore, we conclude Appellant was not denied due process and due course of law. Accordingly, we overrule Appellant's first and second issues.[1]

<u>**RESTITUTION**</u>

In his third and fourth issues, Appellant argues that the trial court abused its discretion in ordering restitution payable to the Smith County Collections Department.

**Standard of Review and Applicable Law**

An appellate court reviews challenges to restitution orders under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980); *Drilling v. State*, 134 S.W.3d 468, 469 (Tex. App.—Waco 2004, no pet.). An abuse of discretion by the trial court in setting the amount of restitution will implicate due process considerations. *Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999). Due process places three separate limits on the restitution a trial court may order: (1) the amount must be just and supported by a factual basis within the record, (2) the restitution ordered must be only for the offense for which the defendant is criminally responsible, and (3) the restitution must be for the victim or victims of the offense for which the offender is charged. *See Campbell*, 5 S.W.3d at 696-97; *Drilling*, 134 S.W.3d at 470; *Cantrell v. State*, 75 S.W.3d 503, 512 (Tex. App.—Texarkana 2002, pet. ref'd). Further, there must be sufficient evidence in the record to support the trial court's order. *Cartwright*, 605 S.W.2d at 289. The standard of proof for determining restitution is a preponderance of the evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(k) (Vernon Supp. 2010). The burden of proving the amount of loss sustained by the victim is on the prosecuting attorney. *Id.*

**Analysis**

In his third issue, Appellant argues that the trial court lacked the authority to order restitution to an entity that was not a victim of the charged offense. In order to preserve error concerning a restitution order, however, a defendant must make a timely and specific objection. TEX. R. APP. P. 33.1(a)(1)(A); *see Idowu v. State*, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002) ("If a defendant wishes to complain about the appropriateness of (as opposed to the factual basis for) a trial court's restitution order, he must do so in the trial court, and he must do so explicitly."); *see*

---

[1] The State contends that Appellant failed to properly preserve error by making a timely objection to the trial court. Appellant argues that failure to consider the entire range of punishment is a structural error and need not be preserved by contemporaneous objection. We need not decide whether an objection in the trial court was required to preserve this type of error on appeal because the record in this case does not reflect bias or that the trial judge did not consider the full range of punishment. *See Brumit v. State*, 206 S.W. 3d 639, 644-45 (Tex. Crim. App. 2006) (declining to reach the preservation issue because, addressing the merits, it found that the record did not reflect partiality of the trial court).

*also* **Lemos v. State**, 27 S.W.3d 42, 47 (Tex. App.–San Antonio 2000, pet. ref'd) (holding defendant waived complaint by failing to object). As the State points out, Appellant did not object when the trial court announced at sentencing that it would order the restitution. Therefore, we hold that by failing to complain of the trial court's assessment of restitution, Appellant did not preserve for appellate review his argument that the trial court lacked the legal authority to assess restitution to the Smith County Collections Department. Accordingly, we overrule Appellant's third issue.

In his fourth issue, Appellant argues that there is no evidence to support the restitution amount ordered. During the sentencing hearing, the trial judge ordered $140 in restitution for a "lab fee." The trial court's written judgment includes a restitution assessment of $140 payable to Smith County Collections Department. Appellant did not object to the amount of restitution ordered, nor did he file a motion for new trial raising the issue. Nonetheless, contrary to the State's argument, Appellant's failure to object to the restitution order did not waive his evidentiary sufficiency complaint on appeal. *See* **Idowu v. State**, 73 S.W.3d 918, 922 (Tex. Crim. App. 2002) (stating that whether a sufficient factual basis exists for a particular restitution order could be considered an evidentiary sufficiency question that need not be preserved by objection at the trial level); *see* **Riggs v. State**, No. 05-05-01689-CR, 2007 Tex. App. LEXIS 2589, at *14 (Tex. App.—Dallas Apr. 3, 2007, no pet.) (mem. op., not designated for publication) (defendant could raise sufficiency of evidence on restitution order for first time on appeal). At the restitution hearing on remand, the State abandoned its request for the $140 restitution and Appellant did not object. Therefore, the record contains no evidence to support the specific amount of restitution ordered by the trial court. Accordingly, we hold that the trial court's order that Appellant pay $140 in restitution to the Smith County Collections Department was erroneous. We sustain Appellant's fourth issue.

## DISPOSITION

We modify the trial court's judgment to delete the trial court's order that Appellant pay $140 in restitution. We *affirm* the judgment of the trial court *as modified*.

SAM GRIFFITH
Justice

Opinion delivered April 29, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)