NO.
12-10-00139-CR

            

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

JOHNNY
EVANS,                                             §                 APPEAL
FROM THE 7TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 SMITH
COUNTY, TEXAS

                                                        
                                         

MEMORANDUM OPINION

            Johnny
Evans appeals his conviction for possession of a controlled substance.  In four
issues, Appellant contends that the trial court failed to consider the full
range of punishment and erroneously ordered that he pay restitution to the
Smith County Collections Department.  We modify and, as modified, affirm.

 

Background

            Appellant
was charged by indictment with possession of a controlled substance.  The
indictment alleged that Appellant had a prior felony conviction, which elevated
the charge to a second degree felony.  Appellant entered an open plea of guilty
to the offense and a plea of true to the enhancement paragraph.  After finding
Appellant guilty, the trial court sentenced him to imprisonment for fifteen
years.  The court also ordered $140 in restitution to the Smith County
Collections Department for a lab fee.  This appeal followed.

            On
February 28, 2011, this court entered a per curiam order, in which we held that
there was no evidence to support the trial court’s order of $140 in
restitution.  Accordingly, we abated the appeal, set aside the amount of
restitution, and remanded the case to the trial court for a new restitution
hearing.

            On
March 24, 2011, the trial court held the restitution hearing as ordered.  At
this hearing, the State abandoned any request for restitution for the lab fee.  Appellant
had no objection to the State’s abandonment of the restitution claim.  The
trial court issued an order that contained findings of fact and conclusions of
law relating to the restitution hearing and provided a reporter’s record of the
hearing.

 

Punishment

            In
his first issue, Appellant argues that the trial court did not consider the
full range of punishment denying Appellant due process and due course of law. 
In his second issue, Appellant argues that the trial court improperly assessed
what the court believed a jury would assess as punishment denying Appellant due
process and due course of law.  Because these two issues are interrelated, we
address them together.

Applicable
Law

            The
Fourteenth Amendment provides that the state may not “deprive any person of
life, liberty, or property, without due process of law.”  U.S. Const. amend. XIV; see also
Tex. Const. art. I, § 19 (“No
citizen of this State shall be deprived of life, liberty, property, privileges
or immunities, or in any manner disfranchised, except by the due course of the
law of the land.”).  Due process requires the trial court conduct itself in a
neutral and detached manner.  Gagnon v. Scarpelli, 411 U.S. 778,
786, 93 S. Ct. 1756, 1762, 36 L. Ed. 2d 656 (1973); Brumit v. State,
206 S.W.3d 639, 645 (Tex. Crim. App. 2006).  “[A] trial court’s arbitrary
refusal to consider the entire range of punishment in a particular case
violates due process.”  Ex parte Brown, 158 S.W.3d 449, 456 (Tex.
Crim. App. 2005) (per curiam); see also Brumit, 206 S.W.3d
at 645.  However, absent a clear showing of bias, we presume the trial court's
actions were correct.  Brumit, 206 S.W.3d at 645.  Bias is not
shown when the trial court hears extensive evidence before assessing
punishment, the record contains explicit evidence that the trial court
considered the full range of punishment, and the trial court made no comments
indicating consideration of less than the full range of punishment.  See
id.  

Analysis

            Appellant
calls our attention to the following statements made by the trial court during
the punishment hearing:

 

. . .  I always
tell defendants that I try to do what I think a Smith County jury would do in
their case because I don’t think a defendant should be punished more harshly
than what a jury would do.  I also don’t think they ought to get any breaks by
going to the Court on punishment.  I think a jury would be fairly shocked at
someone showing up with three pages of criminal history having been to the
penitentiary and to the state jail and numerous local jailings on - - well, you
name it:  Theft, drugs, evading, burglary, unauthorized use of vehicles,
criminal non-support. Particularly, to me is within less than 2 months of when
you asked me to put you on probation for criminal non-support, when you should
be out there providing for your kids - - I agree with the State’s argument in
that regard - - you’re out, presumably buying drugs, using drugs, not doing
much of anything, really to provide for your kiddos that you’ve elected to
have.

 

            Based
on these statements, Appellant argues that the trial court did not consider the
full range of punishment in assessing Appellant’s sentence.  Specifically,
Appellant contends that he could not have received deferred adjudication or
regular community supervision from a jury. Therefore, he contends the trial
court’s reference to what a “Smith County jury would do” indicates the court
did not consider those options in sentencing Appellant.  We disagree.

            At
the punishment hearing, the trial court asked Appellant if he recalled being
told that (1) “the range of punishment was between 2 and 20 years and up to a
$10,000 fine on your case[,]” and that (2) the court would “hear any additional
evidence . . . and then make a determination of where in that range of
punishment the appropriate punishment would be.”  Appellant confirmed that he
remembered each statement.  The court also informed Appellant that it “had a
chance to review the [presentence investigation report] a couple of different
times.”  Appellant then called two witnesses to testify about Appellant’s
family, medical, social, and criminal history.  Also, his attorney argued that
some of Appellant’s prior offenses were the result of mental health issues.

            The
trial court made the complained of statements after hearing the evidence and
arguments of counsel.  At that point, the court had informed Appellant that his
sentence would be within the range of punishment for his offense.  Moreover,
the court was aware that Appellant had a number of mental health issues, a
criminal history that spanned twenty years, a history of drug use, and several
failed probations.  Most recently, he had received community supervision from
the same trial court after he pleaded guilty to criminal nonsupport.  His
community supervision for that offense was revoked in January 2010, and the
sentencing hearing in the instant case was held on April 27, 2010. The trial
court specifically noted in its comments that “within less than 2 months of
when you asked me to put you on probation for criminal non-support . . . ,
you’re out, presumably buying drugs, using drugs, not doing much of anything,
really to provide for your kiddos. . . . ”  The trial court made no statements
that indicated bias or a refusal to consider the full range of punishment. In
referring to what a “Smith County jury would do,” the court did not address
whether a jury could assess deferred adjudication or regular community
supervision.

            To
prevail on his first and second issues, Appellant must show clear bias to rebut
the presumption that the trial court's actions were correct.  See Brumit,
206 S.W.3d at 645 (holding judge’s comments that earlier case made him think
anybody who ever harmed a child should be put to death did not reflect bias,
partiality, or failure to consider full range of punishment).  In the instant
case, the trial court heard extensive evidence before assessing punishment, and
explicitly informed Appellant that his sentence would be within the range of
punishment for his offense.  Appellant points to no statement, other than the
court’s reference to “what a Smith County jury would do,” that, in Appellant’s
view, indicates bias or failure to consider the full range of punishment. 
After considering the entire record, we decline to hold that this reference
supports an inference that the trial court considered only confinement as
punishment for Appellant. Therefore, we conclude Appellant was not denied due
process and due course of law.  Accordingly, we overrule Appellant’s first and
second issues.[1]

 

Restitution

            In
his third and fourth issues, Appellant argues that the trial court abused its
discretion in ordering restitution payable to the Smith County Collections
Department.  

Standard
of Review and Applicable Law

            An
appellate court reviews challenges to restitution orders under an abuse of
discretion standard.  Cartwright v. State, 605 S.W.2d 287, 289
(Tex. Crim. App. [Panel Op.] 1980); Drilling v. State, 134 S.W.3d
468, 469 (Tex. App.—Waco 2004, no pet.).  An abuse of discretion by the trial
court in setting the amount of restitution will implicate due process
considerations.  Campbell v. State, 5 S.W.3d 693, 696 (Tex. Crim.
App. 1999).  Due process places three separate limits on the restitution a
trial court may order: (1) the amount must be just and supported by a factual
basis within the record, (2) the restitution ordered must be only for the
offense for which the defendant is criminally responsible, and (3) the
restitution must be for the victim or victims of the offense for which the
offender is charged.  See Campbell, 5 S.W.3d at 696-97; Drilling,
134 S.W.3d at 470; Cantrell v. State, 75 S.W.3d 503, 512 (Tex.
App.—Texarkana 2002, pet. ref’d). Further, there must be sufficient evidence in
the record to support the trial court's order.  Cartwright, 605
S.W.2d at 289.  The standard of proof for determining restitution is a
preponderance of the evidence.  See Tex.
Code Crim. Proc. Ann. art. 42.037(k) (Vernon Supp. 2010).  The burden of
proving the amount of loss sustained by the victim is on the prosecuting attorney. 
Id.  

Analysis

            In
his third issue, Appellant argues that the trial court lacked the authority to
order restitution to an entity that was not a victim of the charged offense.  In
order to preserve error concerning a restitution order, however, a defendant
must make a timely and specific objection. Tex.
R. App. P. 33.1(a)(1)(A); see Idowu v. State, 73
S.W.3d 918, 921 (Tex. Crim. App. 2002) (“If a defendant wishes to complain about
the appropriateness of (as opposed to the factual basis for) a trial court's
restitution order, he must do so in the trial court, and he must do so
explicitly.”); see also Lemos v. State, 27 S.W.3d 42, 47 (Tex.
App.–San Antonio 2000, pet. ref’d) (holding defendant waived complaint by
failing to object).  As the State points out, Appellant did not object when the
trial court announced at sentencing that it would order the restitution.  Therefore,
we hold that by failing to complain of the trial court’s assessment of
restitution, Appellant did not preserve for appellate review his argument that
the trial court lacked the legal authority to assess restitution to the Smith
County Collections Department. Accordingly, we overrule Appellant’s third
issue.

            In
his fourth issue, Appellant argues that there is no evidence to support the
restitution amount ordered. During the sentencing hearing, the trial judge
ordered $140 in restitution for a “lab fee.”  The trial court’s written
judgment includes a restitution assessment of $140 payable to Smith County
Collections Department.  Appellant did not object to the amount of restitution
ordered, nor did he file a motion for new trial raising the issue. 
Nonetheless, contrary to the State’s argument, Appellant’s failure to object to
the restitution order did not waive his evidentiary sufficiency complaint on
appeal.  See Idowu v. State, 73 S.W.3d 918, 922 (Tex.
Crim. App. 2002) (stating that whether a sufficient factual basis exists for a
particular restitution order could be considered an evidentiary sufficiency
question that need not be preserved by objection at the trial level); see Riggs
v. State, No. 05-05-01689-CR, 2007 Tex. App. LEXIS 2589, at *14 (Tex.
App.—Dallas Apr. 3, 2007, no pet.) (mem. op., not designated for publication)
(defendant could raise sufficiency of evidence on restitution order for first
time on appeal).  At the restitution hearing on remand, the State abandoned its
request for the $140 restitution and Appellant did not object. Therefore, the
record contains no evidence to support the specific amount of restitution
ordered by the trial court. Accordingly, we hold that the trial court’s order
that Appellant pay $140 in restitution to the Smith County Collections
Department was erroneous. We sustain Appellant’s fourth issue. 

 

Disposition

            We
modify the trial court’s judgment to delete the trial court’s order that
Appellant pay $140 in restitution.  We affirm the judgment of the
trial court as modified.

                                                                   Sam
Griffith

                                                                                        
Justice

 

 

Opinion delivered April 29, 2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 












            [1] The State contends that Appellant
failed to properly preserve error by making a timely objection to the trial
court.  Appellant argues that failure to consider the entire range of
punishment is a structural error and need not be preserved by contemporaneous
objection.  We need not decide whether an objection in the trial court was
required to preserve this type of error on appeal because the record in this
case does not reflect bias or that the trial judge did not consider the full
range of punishment.  See Brumit v. State, 206 S.W. 3d
639, 644-45 (Tex. Crim. App. 2006) (declining to reach the preservation issue
because, addressing the merits, it found that the record did not reflect
partiality of the trial court).