# NO. 12-12-00157-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARK ANTHONY WILLIAMS,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Mark Anthony Williams appeals his conviction for possession of marijuana, for which he was sentenced to imprisonment for twelve months and ordered to pay restitution in the amount of one hundred forty dollars to the Texas Department of Public Safety. In one issue, Appellant argues that the trial court erred in ordering restitution. We modify and affirm as modified.

### BACKGROUND

Appellant was charged by indictment with possession of between four ounces and five pounds of marijuana and pleaded "guilty." The matter proceeded to a trial on punishment. Following the argument of counsel, the trial court found Appellant "guilty" as charged and sentenced him to imprisonment for twelve months. The trial court also ordered that Appellant pay restitution in the amount of one hundred forty dollars to the Smith County Collections Department.[1] This appeal followed.

---

[1] In his brief, Appellant states that the $140 in "restitution" was ordered paid to the Texas Department of Public Safety (DPS). Based on our review of the record, DPS sought to recover the funds as a drug lab fee.

## RESTITUTION

In part of his sole issue, Appellant contends that the trial court abused its discretion in ordering payment of restitution when there was no evidence before the court to support the imposition of restitution.

An appellate court reviews challenges to restitution orders under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980); *see Drilling v. State*, 134 S.W.3d 468, 469 (Tex. Crim. App. 2004); *Riggs v. State*, No. 05-05-01689-CR, 2007 WL 969586, at *3 (Tex. App.–Dallas Apr. 3, 2007, no pet.) (op., not designated for publication). An abuse of discretion by the trial court in setting the amount of restitution will implicate due process considerations. *Campbell v. State*, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999).

In addition to any fine authorized by law, a sentencing court may order the defendant to make restitution to any victim of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West Supp. 2012). If the offense results in personal injury to the victim, the court may order the defendant to make restitution to the victim for any expenses incurred by the victim as a result of the offense or to the compensation fund for payments made to or on behalf of the victim. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(b)(2) (West Supp. 2012). The standard of proof for determining restitution is a preponderance of the evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(k) (West Supp. 2012). The burden of proving the amount of loss sustained by the victim is on the prosecuting attorney. *Id.* The trial court may not order restitution for a loss if the victim has or will receive compensation from another source. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(f)(1) (West Supp. 2012). Due process places three limitations on the restitution a trial court can order (1) the amount must be just and supported by a factual basis within the record; (2) the restitution ordered must be for the offense for which the defendant is criminally responsible; and (3) the restitution must be for the victim or victims of the offense for which the defendant is charged. *See Drilling*, 134 S.W.3d at 470; *Campbell*, 5 S.W.3d at 696–97; *Martin v. State*, 874 S.W.2d 674, 677–78 (Tex. Crim. App. 1994). Further, there must be sufficient evidence in the record to support the trial court's order. *See Cartwright*, 605 S.W.2d at 289. A party is not required to object to preserve evidentiary sufficiency of a restitution order. *See Mayer v. State*,

309 S.W.3d 552, 555 (Tex. Crim. App. 2010).

Here, the State concedes that there is no evidence to support the amount ordered as "restitution." We agree. Based on our review of the record and the presentence investigation report (PSI),[2] we conclude that there is no evidence to support the amount ordered paid as "restitution" by the trial court. Further, there is no indication from the record that the State was precluded from presenting evidence and being heard on the issue the amount of fees charged by the DPS drug lab. *See Mayer v. State,* 309 S.W.3d at 557. Accordingly, we hold that because the trial court's "restitution" order lacks evidentiary support, it is improper and should be deleted. *See id.* Appellant's sole issue is sustained in part.[3]

## DISPOSITION

We have sustained Appellant's sole issue in part. Having done so, we *modify* the trial court's judgment by deleting the order that Appellant pay restitution to the DPS in the amount of one hundred forty dollars and *affirm* the trial court's judgment as modified.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 12, 2012.
*Panel consisted of Worthen, C.J., Griffith, J, and Hoyle, J.*

(DO NOT PUBLISH)

---

[2] Appellate courts may consider evidence included in the PSI if the trial court takes judicial notice of it, as it did in the instant case. *McGill v. State*, No. 06-10-00184-CR, 2011 WL 3689357, at *1 (Tex. App.–Texarkana Aug. 24, 2011, no pet.) (mem. op., not designated for publication). The PSI contains a document entitled "Restitution" that requests reimbursement for costs incurred in the analysis of controlled substances seized in connection with the instant offense in the amount of $140. This unsigned document makes reference to an affidavit from the Texas DPS Crime Laboratory. However, based on our review, the PSI contains no affidavit setting forth the costs incurred by DPS. The PSI also contains a "Drug Analysis Laboratory Report" on DPS letterhead signed by Chance Cline, Forensic Scientist, Texas DPS Tyler Laboratory. However, this report makes no reference to the cost incurred by the DPS lab. Finally, the PSI contains an unsigned "Petition for Restitution Under Article 42.12, Sec. 11(a)(19), Code of Criminal Procedure." This petition makes allegations of an analysis fee of $140, but these allegations are not evidence.

[3] Having sustained this portion of Appellant's sole issue, we need not consider the remainder of Appellant's sole issue pertaining to the trial court's authority to order the reimbursement of a drug lab fee. *See* TEX. R. APP. P. 47.1.

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 12, 2012**

**NO. 12-12-00157-CR**

**MARK ANTHONY WILLIAMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th Judicial District Court

of Smith County, Texas. (Tr.Ct.No. 007-1172-11)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the trial court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be modified** by deleting the order that Appellant pay restitution to the DPS in the amount of one hundred forty dollars, and as **modified**, the trial court's judgment is **affirmed**.

It is further ORDERED that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*