# NO. 12-09-00333-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RICARDO PERELES, JR.,*<br>*APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Ricardo Pereles, Jr., appeals his conviction for possession of a controlled substance. In five issues, Appellant argues that he received ineffective assistance of counsel and that the trial court assessed an unauthorized punishment. We affirm the judgment as modified.

## BACKGROUND

In April 2008, police officers in Cherokee County executed a search warrant on Appellant's grandfather's house. Appellant was present, and he fled when the officers entered the house. Several officers gave chase and caught Appellant a short distance away. As they were chasing him, the officers saw Appellant discarding white objects from his pocket. Those items were collected and analyzed. The white objects were, in the aggregate, more than five grams of cocaine.

Appellant was charged by indictment with possession of a controlled substance, specifically cocaine, with the intent to deliver, in an amount of more than four grams but less than two hundred grams. Appellant pleaded "not guilty," and a trial was held. The jury found Appellant guilty of the lesser included offense of simple possession of a controlled substance. During the punishment phase of the trial, the jury heard that Appellant had previously been

1

convicted of possession of cocaine. The jury assessed punishment at imprisonment for twenty-five years.

On appeal, Appellant's counsel filed an **_Anders_**[1] brief with this court in which he asserted that there were no arguable issues to be raised on appeal and sought leave to withdraw as counsel. This court conducted an independent review of the record and identified two potential appellate issues. Specifically, the judgment cited a penal code section for the offense that did not match the charged, or any, offense, and the judgment ordered restitution to the Department of Public Safety for a lab test although Appellant had not been placed on community supervision.[2]

This court remanded the case to the trial court for appointment of new counsel. After remand, the State filed a motion for judgment nunc pro tunc and asked the court to change the penal code citation to the offense for which Appellant was convicted and to delete the ordered restitution. Appellant argued that such changes were inappropriate because the proposed changes were to entries that represented judicial reasoning and were not mere clerical errors. The trial court agreed with Appellant with respect to the restitution order but granted the State's request as to the penal code citation. The trial court then issued a new judgment with the correct penal code citation. This appeal followed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his first four issues, Appellant argues that he received ineffective assistance of counsel. Specifically, he argues that counsel should have objected to the testimony of the witnesses who identified the dropped white objects as cocaine because they lacked expertise, lacked firsthand knowledge, or had not been disclosed as expert witnesses.

### Applicable Law

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in **_Strickland v. Washington_**, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). The first step requires an appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See **Strickland***, 466 U.S. at 688, 104 S. Ct. at 2065; **_McFarland v. State_**, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996).

---

[1] **_Anders v. California_**, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.037 (Vernon Supp. 2010); *see also **Mayer v. State***, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010); **_Aguilar v. State_**, 279 S.W.3d 350, 353–54 (Tex. App.–Austin 2007, no pet.).

Counsel's representation is not reviewed for isolated or incidental deviations from professional norms, but on the basis of the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

The second step requires the appellant to show prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, an appellant must show that there is a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

We begin with the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). As part of this presumption, we presume counsel's actions and decisions were reasonable and were motivated by sound trial strategy. *See id*. Appellant has the burden of proving ineffective assistance of counsel. *See id*.

**Analysis**

Three police officers testified that the items discarded by Appellant were cocaine or suspected cocaine. Appellant argues that such testimony could have been excluded had trial counsel raised an objection because the officers were not experts in the identification of suspected contraband and because, in one instance, the officer was merely repeating what another officer told him.

A chemist did testify that the suspected items were cocaine. Appellant concedes the chemist's testimony could alleviate any prejudice from the failure to object to the officers' testimony. However, Appellant asserts that counsel could have excluded the chemist's testimony because the State failed to disclose the chemist as an expert witness at least twenty days prior to trial and such a failure violated a "[s]tanding policy for [the] Cherokee County District [A]ttorney."[3]

This argument highlights one of the regular problems with review of the adequacy of counsel on direct appeal. *See*, *e.g.*, *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) ("Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as

---

[3] According to Appellant, this policy also requires defendants to make a similar disclosure.

to overcome the presumption that counsel's conduct was reasonable and professional."). Because no record was developed on this issue, we do not know if counsel had actual knowledge of the expert witness or if there was some other reason he elected to proceed without raising an objection. Additionally, there is no evidence that such a reciprocal discovery policy exists–the State denies that such a policy was in place at the time of trial–and Appellant offers no authority for the proposition that the violation of a voluntary policy would lead to the exclusion of an expert witness.[4] Because Appellant cannot show that the expert witness would have been excluded if counsel had objected to her testimony, he cannot show that he was prejudiced by counsel's course of action. Accordingly, we overrule Appellant's first four issues.

## RESTITUTION

Appellant argues in his fifth issue that the trial court lacked authority to order restitution to the Department of Public Safety in the amount of $140. The State concedes that the trial court lacked authority to order restitution and requests that the restitution be struck from the judgment.

**Applicable Law**

An appellate court reviews challenges to restitution orders under an abuse of discretion standard. *See Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980); *Drilling v. State*, 134 S.W.3d 468, 469 (Tex. App.–Waco 2004, no pet.). Due process requirements place three separate limits on the restitution a trial court may order: (1) the amount must be just and supported by a factual basis within the record, (2) the restitution ordered must be only for the offense for which the defendant is criminally responsible, and (3) the restitution must be for the victim or victims of the offense for which the offender is charged. *See Campbell*, 5 S.W.3d at 696-97; *Drilling*, 134 S.W.3d at 470; *Cantrell v. State*, 75 S.W.3d 503, 512 (Tex. App.–Texarkana 2002, pet. ref'd). Specifically, there must be sufficient evidence in the record to support the ordered restitution. *See Cartwright*, 605 S.W.2d at 289. The state must prove the amount of loss by a preponderance of the evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(k) (Vernon Supp. 2010).

**Analysis**

Generally, the state's confession of error in an appeal is not conclusive, and an appellate

---

[4] Appellant's trial counsel did not file a motion to trigger court ordered disclosure of expert witnesses. *See* TEX. CODE CRIM. PROC. ANN. art. 39.14(b) (Vernon Supp. 2010).

4

court must make an independent examination of the issues raised. *See Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002). Texas law provides that a trial court may order restitution to a law enforcement agency for analysis of controlled substances in cases where a criminal defendant is given a suspended sentence and placed on community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 11(a)(19) (Vernon Supp. 2010). Otherwise, however, there is not a general grant of authority to allow the trial court to award restitution to law enforcement agencies. As we have noted previously, there is a split between courts of appeals as to whether restitution ordered as a term of community supervision can be carried over when a trial court revokes the suspended sentence and assesses a prison sentence. *See Jones v. State*, No. 12-10-00001-CR, 2011 Tex. App. LEXIS 524, at *7 n.3 (Tex. App.–Tyler Jan. 26, 2011, no pet.) (mem. op., not designated for publication).

This is not a case where the trial court revoked a suspended sentence or where the trial court was merely following a plea agreement that included restitution. *See Kassube v. State*, Nos. 12-08-00364-CR, 12-08-00365-CR, 2010 Tex. App. LEXIS 1442, at *11 (Tex. App.–Tyler Feb. 26, 2010, no pet.) (mem. op., not designated for publication) (citing *Idowu v. State*, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002)) (defendant may agree to restitution). There is, however, a question as to whether Appellant preserved this issue for appellate review. Appellant did not object when the trial court asked the State if there was any "restitution to the lab." In *Kassube*, we held that an appellate complaint that the trial court lacked legal authority to assess restitution to the Department of Public Safety required a contemporaneous objection in the trial court. *Kassube*, 2010 Tex. App. LEXIS 1442, at *11. We also held, however, that any waiver of requirement that there be evidence to support a restitution order must be express. *Id*. In that case, the plea agreement served to expressly waive the requirement of proof of the amount of restitution. There is no similar waiver in this case.

After reviewing the record and the applicable law, we agree with the parties that the trial court erred in ordering restitution. Appellant did not waive a claim as to the sufficiency of the evidence to support the restitution order. And there is no evidence to support the trial court's order of restitution. Because there was no waiver and no evidence as to the amount of restitution, we sustain Appellant's fifth issue.

## DISPOSITION

We overrule Appellant's first, second, third, and fourth issues. We sustain Appellant's fifth issue, and we modify the judgment to delete the ordered restitution. We *affirm* the judgment of the trial court as *modified*.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 30, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)