NO.
12-09-00333-CR

                  

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

RICARDO
PERELES, JR.,                               §                 APPEAL FROM THE 2ND

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE STATE OF TEXAS,

APPELLEE                                                        §                 CHEROKEE
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION           

            Ricardo
Pereles, Jr., appeals his conviction for possession of a controlled substance. 
In five issues, Appellant argues that he received ineffective assistance of
counsel and that the trial court assessed an unauthorized punishment.  We
affirm the judgment as modified. 

 

Background

            In
April 2008, police officers in Cherokee County executed a search warrant on
Appellant’s grandfather’s house.  Appellant was present, and he fled when the
officers entered the house.  Several officers gave chase and caught Appellant a
short distance away.  As they were chasing him, the officers saw Appellant
discarding white objects from his pocket.  Those items were collected and
analyzed.  The white objects were, in the aggregate, more than five grams of
cocaine.  

            Appellant
was charged by indictment with possession of a controlled substance,
specifically cocaine, with the intent to deliver, in an amount of more than
four grams but less than two hundred grams.  Appellant pleaded “not guilty,”
and a trial was held.  The jury found Appellant guilty of the lesser included
offense of simple possession of a controlled substance.  During the punishment
phase of the trial, the jury heard that Appellant had previously been convicted
of possession of cocaine.  The jury assessed punishment at imprisonment for
twenty-five years.  

            On
appeal, Appellant’s counsel filed an Anders[1] brief with this court in which he
asserted that there were no arguable issues to be raised on appeal and sought
leave to withdraw as counsel.  This court conducted an independent review of
the record and identified two potential appellate issues.  Specifically, the
judgment cited a penal code section for the offense that did not match the
charged, or any, offense, and the judgment ordered restitution to the
Department of Public Safety for a lab test although Appellant had not been
placed on community supervision.[2]

            This
court remanded the case to the trial court for appointment of new counsel. 
After remand, the State filed a motion for judgment nunc pro tunc and
asked the court to change the penal code citation to the offense for which
Appellant was convicted and to delete the ordered restitution.  Appellant
argued that such changes were inappropriate because the proposed changes were
to entries that represented judicial reasoning and were not mere clerical
errors.  The trial court agreed with Appellant with respect to the restitution
order but granted the State’s request as to the penal code citation.  The trial
court then issued a new judgment with the correct penal code citation.  This
appeal followed. 

 

Ineffective Assistance of Counsel

            In
his first four issues, Appellant argues that he received ineffective assistance
of counsel.  Specifically, he argues that counsel should have objected to the
testimony of the witnesses who identified the dropped white objects as cocaine
because they lacked expertise, lacked firsthand knowledge, or had not been
disclosed as expert witnesses.

Applicable
Law 

Claims
of ineffective assistance of counsel are evaluated under the two step analysis
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct.
2052, 80 L. Ed. 674 (1984).  The first step requires an appellant to
demonstrate that trial counsel’s representation fell below an objective
standard of reasonableness under prevailing professional norms.  See Strickland,
466 U.S. at 688, 104 S. Ct. at 2065; McFarland v. State, 928
S.W.2d 482, 500 (Tex. Crim. App. 1996).  Counsel’s representation is not
reviewed for isolated or incidental deviations from professional norms, but on
the basis of the totality of the representation.  See Strickland,
466 U.S. at 695, 104 S. Ct. at 2069.

The
second step requires the appellant to show prejudice from the deficient
performance of his attorney.  See Hernandez v. State, 988 S.W.2d
770, 772 (Tex. Crim. App. 1999).  To establish prejudice, an appellant must
show that there is a reasonable probability that the result of the proceeding
would have been different but for counsel’s deficient performance.  See Strickland,
466 U.S. at 694, 104 S. Ct. at 2068.  

We
begin with the strong presumption that counsel’s conduct falls within the wide
range of reasonable professional assistance.  See Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  As part of this presumption, we
presume counsel’s actions and decisions were reasonable and were motivated by
sound trial strategy.  See id.  Appellant has the burden of
proving ineffective assistance of counsel.  See id.  

Analysis


Three
police officers testified that the items discarded by Appellant were cocaine or
suspected cocaine.  Appellant argues that such testimony could have been
excluded had trial counsel raised an objection because the officers were not
experts in the identification of suspected contraband and because, in one
instance, the officer was merely repeating what another officer told him.  

A
chemist did testify that the suspected items were cocaine.  Appellant concedes
the chemist’s testimony could alleviate any prejudice from the failure to
object to the officers’ testimony.  However, Appellant asserts that counsel
could have excluded the chemist’s testimony because the State failed to
disclose the chemist as an expert witness at least twenty days prior to trial
and such a failure violated a “[s]tanding policy for [the] Cherokee County
District [A]ttorney.”[3]

This
argument highlights one of the regular problems with review of the adequacy of
counsel on direct appeal.  See, e.g., Bone v. State,
77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (“Under normal circumstances, the
record on direct appeal will not be sufficient to show that counsel’s
representation was so deficient and so lacking in tactical or strategic
decision making as to overcome the presumption that counsel’s conduct was
reasonable and professional.”).  Because no record was developed on this issue,
we do not know if counsel had actual knowledge of the expert witness or if
there was some other reason he elected to proceed without raising an
objection.  Additionally, there is no evidence that such a reciprocal discovery
policy exists–the State denies that such a policy was in place at the time of
trial–and Appellant offers no authority for the proposition that the violation
of a voluntary policy would lead to the exclusion of an expert witness.[4]  Because Appellant cannot show
that the expert witness would have been excluded if counsel had objected to her
testimony, he cannot show that he was prejudiced by counsel’s course of
action.  Accordingly, we overrule Appellant’s first four issues.

 

Restitution        

Appellant
argues in his fifth issue that the trial court lacked authority to order
restitution to the Department of Public Safety in the amount of $140.  The
State concedes that the trial court lacked authority to order restitution and
requests that the restitution be struck from the judgment.

Applicable
Law

An
appellate court reviews challenges to restitution orders under an abuse of
discretion standard.  See Cartwright v. State, 605 S.W.2d
287, 289 (Tex. Crim. App. [Panel Op.] 1980); Drilling v. State,
134 S.W.3d 468, 469 (Tex. App.–Waco 2004, no pet.).  Due process requirements
place three separate limits on the restitution a trial court may order:  (1)
the amount must be just and supported by a factual basis within the record, (2)
the restitution ordered must be only for the offense for which the defendant is
criminally responsible, and (3) the restitution must be for the victim or
victims of the offense for which the offender is charged.  See Campbell,
5 S.W.3d at 696-97; Drilling, 134 S.W.3d at 470; Cantrell
v. State, 75 S.W.3d 503, 512 (Tex. App.–Texarkana 2002, pet. ref’d). 
Specifically, there must be sufficient evidence in the record to support the
ordered restitution.  See Cartwright, 605 S.W.2d at 289.  The
state must prove the amount of loss by a preponderance of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 42.037(k)
(Vernon Supp. 2010). 

Analysis

Generally,
the state’s confession of error in an appeal is not conclusive, and an
appellate court must make an independent examination of the issues raised.  See
Saldano v. State, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002).  Texas
law provides that a trial court may order restitution to a law enforcement
agency for analysis of controlled substances in cases where a criminal
defendant is given a suspended sentence and placed on community supervision.  See
Tex. Code Crim. Proc. Ann. art.
42.12, § 11(a)(19) (Vernon Supp. 2010).  Otherwise, however, there is not a
general grant of authority to allow the trial court to award restitution to law
enforcement agencies.  As we have noted previously, there is a split between
courts of appeals as to whether restitution ordered as a term of community
supervision can be carried over when a trial court revokes the suspended
sentence and assesses a prison sentence.  See Jones v. State, No.
12-10-00001-CR, 2011 Tex. App. LEXIS 524, at *7 n.3 (Tex. App.–Tyler Jan. 26,
2011, no pet.) (mem. op., not designated for publication).  

This
is not a case where the trial court revoked a suspended sentence or where the
trial court was merely following a plea agreement that included restitution.  See
Kassube v. State, Nos. 12-08-00364-CR, 12-08-00365-CR, 2010 Tex.
App. LEXIS 1442, at *11 (Tex. App.–Tyler Feb. 26, 2010, no pet.) (mem. op., not
designated for publication) (citing Idowu v. State, 73 S.W.3d
918, 921 (Tex. Crim. App. 2002)) (defendant may agree to restitution).  There
is, however, a question as to whether Appellant preserved this issue for
appellate review.  Appellant did not object when the trial court asked the
State if there was any “restitution to the lab.”  In Kassube, we
held that an appellate complaint that the trial court lacked legal authority to
assess restitution to the Department of Public Safety required a
contemporaneous objection in the trial court.  Kassube, 2010 Tex.
App. LEXIS 1442, at *11.  We also held, however, that any waiver of requirement
that there be evidence to support a restitution order must be express.  Id. 
In that case, the plea agreement served to expressly waive the requirement of
proof of the amount of restitution.  There is no similar waiver in this case. 

After
reviewing the record and the applicable law, we agree with the parties that the
trial court erred in ordering restitution.  Appellant did not waive a claim as
to the sufficiency of the evidence to support the restitution order.  And there
is no evidence to support the trial court’s order of restitution.  Because
there was no waiver and no evidence as to the amount of restitution, we sustain
Appellant’s fifth issue.

 

 

Disposition

            We
overrule Appellant’s first, second, third, and fourth issues.  We sustain
Appellant’s fifth issue, and we modify the judgment to delete the ordered
restitution.  We affirm the judgment of the trial court as modified.


                                                                             James
T. Worthen

                                                                                      
         Chief Justice

 

 

Opinion delivered June 30, 2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









                        [1] Anders v.
California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

 





                [2] See Tex. Code Crim. Proc. Ann. art. 42.037
(Vernon Supp. 2010); see also Mayer v. State, 309 S.W.3d 552, 556
(Tex. Crim. App. 2010); Aguilar v. State, 279 S.W.3d 350, 353–54
(Tex. App.–Austin 2007, no pet.).





                [3] According to
Appellant, this policy also requires defendants to make a similar disclosure.

 





                [4] Appellant’s trial
counsel did not file a motion to trigger court ordered disclosure of expert
witnesses.  See Tex. Code Crim.
Proc. Ann. art. 39.14(b) (Vernon Supp. 2010).