NOS.
12-10-00054-CR

     
12-10-00055-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

RICKY
LYNN FLIPPO,                                    §                 APPEAL FROM
THE 7TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 SMITH
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

Ricky
Lynn Flippo appeals his convictions for deadly conduct, for which he was
sentenced to imprisonment for twenty years, and aggravated assault, for which
he was sentenced to imprisonment for life.  Appellant raises four issues on
appeal.  We modify and, as modified, affirm.

 

Background

            Appellant
was charged by separate indictments with deadly conduct and aggravated assault
and pleaded “guilty” to each charged offense.  Ultimately, the trial court
sentenced Appellant to imprisonment for twenty years for deadly conduct and to
life imprisonment for aggravated assault.  The trial court further ordered that
Appellant pay restitution in the amount of $27,294.68 in connection with the
aggravated assault conviction.  This appeal followed.

            On
July 13, 2011, this court entered a per curiam order, in which we held that the
trial court abused its discretion in ordering that Appellant pay $27,294.68 in
restitution in connection with his conviction for aggravated assault because
the amount ordered does not have a factual basis in the record.  Accordingly, we
set aside the amount of restitution, abated the appeal, and remanded the cause
to the trial court for a new restitution hearing.  

On
August 1, 2011, the trial court conducted a hearing as ordered.  At the
hearing, Appellant and the State entered into an agreement that Appellant would
pay $7,775.19 in restitution to the Texas Crime Victims’ Compensation Fund.[1]  In further compliance with this
court’s per curiam order, the trial court provided this court with findings of
fact and conclusions of law regarding the restitution hearing as well as a
reporter’s record of the hearing.  

 

Failure
to Consider the Full Range of Punishment

In
his first issue, Appellant argues that the trial court did not consider the
full range of punishment with regard to his life sentence he received for
aggravated assault, thereby denying Appellant due process and due course of
law.  In his second issue, Appellant argues that the trial court improperly
assessed what the court believed a Smith County jury would assess as punishment
denying Appellant due process and due course of law.  Because these two issues
are interrelated, we address them together.      

The
Fourteenth Amendment provides that the state may not “deprive any person of
life, liberty, or property, without due process of law.”  U.S. Const. amend. XIV; see also
Tex. Const. art. I, § 19.  Due
process requires that the trial court conduct itself in a neutral and detached
manner.  Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S. Ct. 1756,
1762, 36 L. Ed. 2d 656 (1973); Brumit v. State, 206 S.W.3d 639,
645 (Tex. Crim. App. 2006); Jaenicke v. State, 109 S.W.3d 793,
796 (Tex. App.–Houston [1st Dist.] 2003, pet. ref’d).  “[A] trial court’s
arbitrary refusal to consider the entire range of punishment in a particular
case violates due process.”  Ex parte Brown, 158 S.W.3d 449, 456
(Tex. Crim. App. 2005); see also Brumit, 206 S.W.3d at
645.  However, absent a clear showing of bias, we presume the trial court's
actions were correct.  Brumit, 206 S.W.3d at 645.  Bias is not
shown when (1) the trial court hears extensive evidence before assessing
punishment, (2) the record contains explicit evidence that the trial court
considered the full range of punishment, and (3) the trial court made no
comments indicating consideration of less than the full range of punishment.  See
id.  

In
the case at hand, prior to assessing Appellant’s punishment, the trial court
stated, in pertinent part, as follows:

Mr.
Flippo, the lawyers have been here before in open sentencings numerous times. 
They know my practice is always to tell defendants what I’m planning to do
fairly early.  Because I, frankly, don’t think it’s fair to them to be thinking
they’re going to get one thing when they’re not.  I also tell the defendants
that I always try to do what I think a Smith County jury would do because I
don’t believe that a defendant should be punished more harshly by a Court with
the Court doing an open sentencing than what a Smith County jury would do.  I
also think the other side of that equation is fair and true as well; and that
is that a defendant shouldn’t be treated more generously or lenient by a Judge
in order that they don’t have to go before a Smith County jury.

 

In
this case[,] I cannot imagine a jury assessing anything other than a life
sentence.  Because after they hear all the evidence in this case, I think that
this issue about maybe the victim causing the fight would be falling on deaf
ears.  Your lawyer says y’all are not arguing that, but that’s kind of what I
heard from the victim testifying up here on your behalf as to the issue.

 

I
think the jury would be just shocked and amazed - - the people here in the
courtroom haven’t heard it, but it’s in the offense reports from the
investigation that occurred that night right after the attack.  That is that you
call, you apparently say you need to go back to the hospital.  But instead of
going to the hospital, you go to two different bars and drink.  Never make it
to the hospital. 

 

Apparently,
drink a tremendous amount, pull out a gun, shoot at your wife driving down the
road.  And then when you get home you proceed to beat the tar out of her.  As I
said, I cover that here because I always want to make sure defendants
understand why I’m sentencing them to what I’m sentencing them.

 

.
. . . 

 

And
this is the facts.  It’s not some made up, well, she tripped or I punched or I
didn’t really do much to her.  The evidence shows that it was bad.  And not
only bad that night.  But I feel sorry for the neighbors that live out there. 
Obviously, you concerned them, not just this night[,] but times prior.  I heard
evidence that they had to call 911 two other times because of the Flippos’
conduct next door to them.  That puts everybody at risk.

 

And
I’ve not even got to the two pages of criminal history that you have.  All
those things, I think, would have been shocking to a jury to hear those because
of your prior felony conviction, as we talked before we picked your jury, that
you would not be probation eligible, so they wouldn’t be considering that.

 

But
in punishment[,] they would have got to see all these various convictions that
you had and anything else the State could have uncovered in relation to your
cases.

 

.
. . . 

 

As
I’ve already indicated to you, I’m going to assess the punishment I think the
Smith County jury would have assessed, and I think they would have not taken
very long, in my opinion, to assess a life sentence, the maximum sentence,
because I think they would have thought that was the appropriate sentence under
the facts of this case. 


 

 

            Based
on these statements, Appellant argues that the trial court did not consider the
full range of punishment in assessing Appellant’s sentence.  Specifically,
Appellant contends that he could not have received deferred adjudication or
regular community supervision from a jury. Therefore, he contends that the
trial court’s reference to its doing what a “Smith County jury would do”
indicates that the court did not consider those options in assessing
Appellant’s punishment.  We disagree.[2]

            At
the punishment hearing, the trial court asked Appellant if he understood that
(1) “[f]or a first degree felony in Texas[, the range of punishment is] between
5 years and 99 years or life and up to a $10,000 fine” and (2) that is “the
range of punishment [in your case.]”  Appellant answered in the affirmative. 
The court also indicated that it had received a copy of the presentence
investigation report and took judicial notice of it.  

Thereafter,
the trial court heard testimony from Appellant’s neighbor, who testified
concerning prior domestic altercations between Appellant and his wife,
including one particularly violent incident in which Appellant beat his wife
with a tree limb.  The trial court further considered testimony offered by
Appellant’s wife, Nancy Flippo, who testified that she had slapped Appellant
prior to his beating her to the point of her being a “bloody mess[.]”  Nancy
further testified that while Appellant was beating her, she was “terrified” and
“in fear for [her] life.”  Nancy stated that, later that same night, Appellant
had shot a .45 caliber handgun at her while she was driving on Highway 110. 
Nancy further stated that she had no hard feelings toward Appellant, that she
still loved him, and that she believed both she and Appellant could “use some
help.”  Later, the State argued to the trial court that Appellant should be
sentenced to imprisonment for life based on the incident for which he was
convicted, Appellant’s violent behavior toward his wife, and Appellant’s prior
criminal and social history.  The State urged the trial court to consider a
life sentence for the continued safety of Appellant’s wife.  Appellant’s
attorney stated to the court that Appellant realized that his actions were not
going to go unpunished.  Appellant’s attorney further emphasized that
Appellant’s wife testified that she was not afraid of him any longer and that
her feelings should be given weight in determining Appellant’s sentence.

            The
trial court made the complained of statements after hearing the evidence and
arguments of counsel.  Thereafter, the trial court sentenced Appellant to
imprisonment for life.  Throughout its protracted pronouncement of sentence,
the trial court made no statements that indicated bias or a refusal to consider
the full range of punishment.  

            To
prevail on his first and second issues, Appellant must show clear bias
to rebut the presumption that the trial court’s actions were correct.  See
Brumit, 206 S.W.3d at 645 (holding judge’s comments that earlier
case made him think anybody who ever harmed a child should be put to death did
not reflect bias, partiality, or failure to consider full range of
punishment).  In the case at hand, the trial court considered extensive
evidence before assessing punishment and explicitly informed Appellant that his
sentence would be within the range of punishment for his offense.  Appellant
has not indicated in his brief any statement by the trial court, other than its
reference to “what a Smith County jury would do,” that, in Appellant’s view,
indicates a clear bias or failure to consider the full range of punishment. 
Having considered the entirety of the record, we decline to hold that this
reference, without more, supports an inference that the trial court considered
only confinement as punishment for Appellant.  Therefore, we conclude Appellant
was not denied due process and due course of law.  Appellant’s first and second
issues are overruled.[3]

 

Improper
Argument

            In
his third issue, Appellant argues that the trial court’s judgment should be
reversed because the prosecuting attorney made impermissible argument during
the punishment hearing before the court.  Specifically, Appellant argues in his
brief that the following statements, taken together, are the source of the
error:

 

   But, again, personally, this is a case that just
infuriates me.  

 

   And then think he gains something from this Court
by making her [Nancy Flippo] take that stand and get up there and say, “Well,
he needs help.”  

 

   And the step up from this, Your Honor, is real
obvious.  The step up from this is Ms. Flippo not being here, is to bring Ms.
Flippo’s family, to have Ms. Flippo’s mom, dad, whoever it might be, sit there
and say, “I wish she could be here.”  

 

   [T]his woman’s going to love him until she dies. 
And I truly believe it will be at his hands if ever given the chance, ever.  

 

   I believe that with all my heart, Judge.  

 

   [Appellant] brought that on himself.  Then not to
mention the other things within his criminal history:  The dope, the prior
felony conviction, and I don’t know how many theft by checks.  Going to steal
from people.  So he’s a thief.  He’s a racist, wife-beating, dope-using thief. 
That’s what’s in front of this Court.  That’s who he is.  

 

   That’s why when I hear victims say they love the
defendant, to me, that’s just aggravating.

 

            There
are four permissible areas of jury argument:  (1) summation of the evidence,
(2) reasonable deduction from the evidence, (3) answers to argument of opposing
counsel, and (4) pleas for law enforcement.  Willis v. State, 785
S.W.2d 378, 384 (Tex. Crim. App. 1989).  Before a defendant will be permitted
to complain on appeal about an erroneous prosecutorial argument, he must
demonstrate that he objected and pursued his objection to an adverse ruling.  See
Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996).  Here,
Appellant concedes in his brief that he failed to object to each allegedly
improper prosecutorial argument of which he now complains on appeal. 
Accordingly, we hold Appellant forfeited his right to complain about the
prosecutor’s allegedly improper argument.  See id. 
Appellant’s third issue is overruled.

 

Restitution

            In
his fourth issue, Appellant contends that the trial court erred in ordering
restitution with regard to his conviction for aggravated assault because there
was no evidence before the court in support of the amount of restitution
ordered.  An appellate court reviews challenges to restitution orders under an
abuse of discretion standard.  Cartwright v. State, 605 S.W.2d
287, 289 (Tex. Crim. App. [Panel Op.] 1980); see Drilling v. State,
134 S.W.3d 468, 469 (Tex. Crim. App. 2004); Riggs v. State, No.
05‑05‑01689‑CR, 2007 WL 969586, at *3 (Tex. App.–Dallas Apr.
3, 2007, no pet.).  An abuse of discretion by the trial court in setting the
amount of restitution will implicate due process considerations. Campbell
v. State, 5 S.W.3d 693, 696 (Tex. Crim. App. 1999).  When there is
insufficient evidence to support the amount of restitution ordered by the trial
court, the proper procedure is to abate the appeal, set aside the amount of
restitution, and remand the case for a hearing to determine a just amount of
restitution.  See Barton v. State, 21 S.W.3d 287, 290 (Tex. Crim.
App. 2000); see also Drilling, 134 S.W.3d at 471.

In
addition to any fine authorized by law, a sentencing court may order the
defendant to make restitution to any victim of the offense. See Tex. Code Crim. Proc. Ann. art.
42.037(a) (West Supp. 2010).  If the offense results in personal injury to the
victim, the court may order the defendant to make restitution to the victim for
any expenses incurred by the victim as a result of the offense or to the
compensation fund for payments made to or on behalf of the victim.  See Tex. Code Crim. Proc. Ann. art.
42.037(b)(2) (West Supp. 2010).  The standard of proof for determining
restitution is a preponderance of the evidence.  See Tex. Code Crim. Proc. Ann. art.
42.037(k) (West Supp. 2010).  The burden of proving the amount of loss
sustained by the victim is on the prosecuting attorney.  Id.  The
trial court may not order restitution for a loss if the victim has or will
receive compensation from another source.  See Tex. Code Crim. Proc. Ann. art. 42.037(f)(1) (West Supp.
2010).  Due process places three limitations on the restitution a trial court
can order:  (1) the amount must be just and supported by a factual basis within
the record; (2) the restitution ordered must be for the offense for which the
defendant is criminally responsible; and (3) the restitution must be for the
victim or victims of the offense for which the defendant is charged.  See
Drilling, 134 S.W.3d at 470; Campbell, 5 S.W.3d at
696–97; Martin v. State, 874 S.W.2d 674, 677–78 (Tex. Crim. App.
1994).  Further, there must be sufficient evidence in the record to support the
trial court's order. See Cartwright, 605 S.W.2d at 289.

At
the hearing, Appellant and the State entered into an agreement that Appellant
would pay $7,775.19 in restitution to the Texas Crime Victims’ Compensation
Fund.  The trial court entered an amended order reflecting the agreed amount of
restitution.[4]
 Accordingly,
because there is no evidence in the record to support the amount of restitution
originally ordered and the State and Appellant have agreed to $7,775.19 in
restitution payable to the Texas Crime Victims’ Compensation Fund, we hold that
the trial court’s order that Appellant pay restitution of $27,294.68 was
erroneous and should be modified.  Appellant’s fourth issue is sustained.

 

Conclusion

We
have overruled Appellant’s first, second, and third issues and sustained
Appellant’s fourth issue.  We, therefore, modify the trial
court’s judgment in cause number 007‑1063‑09 (appellate cause
number 12-10-00055-CR) by deleting the order that Appellant pay restitution in
the amount of $27,294.68 to Smith County Collections Department, 200 E.
Ferguson, Suite 213, Tyler, TX 75702 and substituting an order that Appellant
pay restitution in the amount of $7,775.19 to Texas Crime Victims’ Compensation
Fund, P.O. Box 12198, Austin, TX 78711‑2198.  We affirm the
trial court’s judgment as modified.

                                                                                                Sam
Griffith

                                                                                                     
Justice

 

 

 

 

Opinion delivered August 17,
2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

(DO NOT PUBLISH)









[1] The trial
court amended its judgment for aggravated assault to reflect that amount of
agreed restitution and changed the payee from “Smith County Collections
Department” to “Texas Crime Victims’ Compensation[.]” 





[2] It is unclear
to this court, despite the trial court’s explanation, why the trial court has
chosen to undertake this approach to assessing punishment.  There is no basis
for this methodology in the Texas Code of Criminal Procedure, which requires
little more than that the judge “announce his decision in open court as to the
punishment to be assessed.”  Tex. Code
Crim. Proc. Ann. art. 37.07 § 3(d) (West Supp. 2010).  The trial court’s
departure from the requirements of the Code of Criminal Procedure,
well-intentioned though it may be, is unnecessary and may serve to invite the
conclusion that the sentence imposed is not the considered opinion of the trial
court judge.





 

            [3] The State contends that Appellant
failed to properly preserve error by making a timely objection to the trial
court.  Appellant argues that failure to consider the entire range of
punishment is a structural error and need not be preserved by contemporaneous
objection.  We need not decide whether an objection in the trial court was
required to preserve this type of error on appeal because the record in this
case does not reflect bias or that the trial judge did not consider the full
range of punishment.  See Brumit v. State, 206 S.W. 3d at
644–45 (declining to reach the preservation issue because, addressing the
merits, it found that the record did not reflect partiality of the trial
court).

 





[4] Because the trial court did not
have plenary power to amend its judgment, see, e.g., State v. Aguilera,
165 S.W.3d 695, 697–98 (Tex. Crim. App. 2005), we must modify the original
judgment.